Thomas P. Bleau, Esq. SBN 152945
Gennady L. Lebedev, Esq. SBN 179945
Melissa J. Rhee, Esq. SBN 253240
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone: (323) 874-8613
Facsimile: (323) 874-1234
bleaushark@aol.com
glebedev@bleaufox.com
mrhee@bleaufox.com

Attorney for Plaintiff,
HANS ONESTOP ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS ONESTOP ENTERPRISES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NUMBER:**<br>**CV09-04397 JFW (MANx)**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT CONOCOPHILLIPS COMPANY'S EVIDENTIARY OBJECTIONS**<br><br>Date: October 19, 2009<br>Time: 1:30 p.m.<br>Dept: 16<br>Judge: Hon. John F. Walter |

Plaintiff Hans Onestop Enterprises, Inc. ("Plaintiff") hereby replies to Defendant ConocoPhillips Company ("Defendant") objections to the Declaration of Chong Wol Han in support of Reply to Plaintiff's Motion to Remand to State Court and Declaration of Thomas P. Bleau in support of Plaintiff's Motion to Remand to State Court:

///

///

///

-1-
**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**

| | | |
|---|---|---|
| **DECLARATION OF CHONG WOL HAN (DOCKET NO. 30-3)** | | |
| **EVIDENCE** | **DEFENDANT'S OBJ.** | **PLAINTIFF'S REPLY** |
| ¶4<br><br>ConocoPhillips contends that it has received approximately $37,152 from Hans Onestop Enterprises, Inc. for processing debit and credit card transactions at the subject station. Although this amount seems accurate, it only reflects the gross amount that Hans Onestop Enterprises, Inc. paid for the processing. This amount does <u>not</u> reflect the amount that ConocoPhillips kept/received as a "kick back" from the credit/debit card processing institution/card issuer, which is only a small fraction of the "gross fee." | Lacks foundation; misrepresents the complaint; relevance; argumentative.<br><br>Plaintiff has not stated any factual basis for his alleged personal knowledge of the statements he makes in paragraph 4.<br><br>Further, Plaintiff's incompetent assertions misrepresent the claims in the complaint, and are therefore improper and irrelevant. The presence or absence of subject matter jurisdiction is determined from the face of the complaint at the time of removal. *See* 28 U.S.C. § 1441; *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint at the time of removal."). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293; *see also Simmons,* 209 F.Supp.2d at 1032 ("By choosing to overplead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court."). | Plaintiff has the personal knowledge to make the statements made in ¶4 as he owns and operates the business.<br><br>Moreover, Defendant's citation of *St. Paul Mercury Indemnity Co v. Red Cab Co.* does not support its argument because it is a 1938 case that has been superceded by statute and no longer good case law. In 1988, Congress amended 28 U.S.C. § 1447(c) rewriting it to make clear that remand is possible at any time if a federal district court finds that it no longer has subject matter jurisdiction over the case. *Paul A. Bernadin v. Amercian Airlines, Inc.*, 2009 U.S. District Lexis 56017, *6 (2009).<br><br>Therefore, Plaintiff's clarification of the claims that he has brought and/or waiver is adequate to defeat subject matter jurisdiction.<br><br>Moreover, Plaintiff's declaration is also necessary to address and rebut the contentions made by the declaration of ConocoPhillips' own Phillip Bonina on which ConocoPhillips relied in removing the case to Federal Court. |

| EVIDENCE | DEFENDANT'S OBJ. | PLAINTIFF'S REPLY |
|---|---|---|
|  | Here, Plaintiff's complaint seeks a preliminary and permanent injunction enjoining COP from "charging fees for credit and debit card processing . . . ." (Docket No. 1 at ¶¶ 25, 35.) Despite Plaintiff's assertions to the contrary, the complaint does not seek relief limited to alleged "kick-backs;" it seeks an injunction preventing **all** credit and debit card charges of any kind. The allegations of the complaint are determinative for subject matter jurisdiction. *See St. Paul Mercury Indemnity Co.*, 303 U.S. at 293; *Simmons*, 209 F.Supp.2d at 1032. | Additionally, the court in *Stephen Simmons* also stated that "if at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court." *Stephen Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (2002). |

**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**

| EVIDENCE | DEFENDANT'S OBJ. | PLAINTIFF'S REPLY |
|---|---|---|
| ¶5<br><br>However, Hans Onestop Enterprises, Inc. is <u>not</u> seeking reimbursement of the entirety of the debit and credit card transaction fees in this lawsuit.  Rather, Hans Onestop Enterprises, Inc. is only seeking the reimbursement of those debit and credit card processing fees that were retained by and/or "kicked back" to ConocoPhillips by the processing institution/card issuer.  To the extent this is not clear, Hans Onestop Enterprises, Inc. waives the recovery of any debit and credit card processing fees that are charged by the processing institution/card issuer and are not kept or "kicked back" to ConocoPhillips, in this lawsuit. | Misrepresents the complaint; relevance; argumentative. *See* Objection to Paragraph No. 4, *supra*.<br><br>Further, Plaintiff's attempt to "waive" certain damages, restitution and/or injunctive relief that are sought in the complaint is irrelevant. Because the complaint seeks such relief, Plaintiff's "waiver" is inadequate to defeat subject matter jurisdiction. *See St. Paul Mercury Indemnity Co.,* 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Simmons,* 209 F.Supp.2d at 1033 ("The Supreme Court has long discouraged reliance on post-removal stipulations and affidavits. [Citation.] Such statements are likely to manipulate the amount in controversy to secure jurisdiction in the desired court. The court gives little credence to plaintiff's postremoval statements."). | Defendant's citation of *St. Paul Mercury Indemnity Co v. Red Cab Co.* does not support its argument because it is a 1938 case that has been superceded by statute and no longer good case law. In 1988, Congress amended 28 U.S.C. § 1447(c) rewriting it to make clear that remand is possible at any time if a federal district court finds that it no longer has subject matter jurisdiction over the case. *Paul A. Bernadin v. Amercian Airlines, Inc.*, 2009 U.S. District Lexis 56017, *6 (2009).<br><br>Therefore, Plaintiff's clarification of the claims that he has brought and/or waiver is adequate to defeat subject matter jurisdiction.<br><br>Moreover, Plaintiff's declaration is also necessary to address and rebut the contentions made by the declaration of ConocoPhillips' own Phillip Bonina on which ConocoPhillips relied in removing the case to Federal Court.<br><br>Additionally, the court in *Stephen Simmons* also stated that "if at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court." *Stephen Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (2002). |

**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**

| EVIDENCE | DEFENDANT'S OBJ. | PLAINTIFF'S REPLY |
|---|---|---|
| ¶6<br><br>Additionally, ConocoPhillips is claiming that it will lose value of its leasehold interest in the subject property from preventing a sale of the supply contract to a third party. According to ConocoPhillips, however, the deal with the third party did not go through and no such sale has occurred, making injunctive relief on this issue moot and ConocoPhillips' argument speculative at best. | Lacks foundation; irrelevant; argumentative.<br><br>Plaintiff has not stated an adequate factual basis for his alleged personal knowledge of the statements he makes in paragraph 6. Further, Plaintiff's unsupported statement is contradicted by Phillip Bonina, COP's Regional Real Estate Director, who says COP has agreed to sell Plaintiff's service station to a third party. (Declaration of Phillip Bonina, ¶ 3.)<br><br>Plaintiff's statement is also irrelevant because the complaint seeks injunctive relief enjoining COP from assigning Plaintiff's dealer agreement in perpetuity. (See Docket No. 1 at ¶¶ 25, 35.) Thus, even if the sale to which Mr. Bonina refers were not completed—a speculative assertion for which Plaintiff submits no evidence—Plaintiff's requested injunction would prevent or inhibit COP's ability to sell its property in the future. | Plaintiff's statement does not lack foundation because it comes from his personal knowledge. It is not irrelevant as it relates to Defendant's argument of alleged sale.<br><br>Declaration of Phillip Bonina, ¶3, in relevant part states that "COP has agreed to sell Plaintiff's service station ... to a third party." However, no such proof was attached.<br><br>Defendant makes the same argument throughout its objection that no proof was attached to Plaintiff's declaration. However, if it was being sold, then Defendant is in better position to supply such proof. Defendant failed to provide any proof indicating sale price, i.e. purchase/sale agreement. |

**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**

**DECLARATION OF THOMAS P. BLEAU (DOCKET NO. 22-2)**

| EVIDENCE | DEFENDANT'S OBJ. | PLAINTIFF'S REPLY |
|---|---|---|
| ¶6<br><br>The amount of attorney's fees that accrued in connection with having to bring this motion and for having to spend time on other matters which would have been unnecessary if Defendant had not improperly removed this case to Federal Court amounts to $6,125.00, as follows:<br>(1) Demand for Jury Trial: 0.5hr $175.00<br>(2) Request for Judicial Notice: 0.5hr $175.00<br>(3) Opposition to Notice of Related Cases: 1.0hr $350.00<br>(4) Declaration of Bleau per Standing Order: 0.5hr $175.00<br>(5) Motion to Remand: 8.0hr $2,800.00<br>Dec. of Bleau in support thereof: 1.0hr $350.00<br>Dec. of Pouldar in support thereof: 1.0hr $350.00<br>Reply to Motion to Remand (anticipated): 5.0hr $1,750.00<br>**TOTAL**: $6,125.00 | Lacks foundation; relevance.<br><br>Mr. Bleau represents in his declaration that his "reasonable billing rate" is $350.00 an hour, and that 17.5 hours have been spent (or will be spent on reply) to bring the instant motion to remand to state court. Thus, the total request for attorneys' fees is $6,125.00 (17.5 times $350).<br><br>Nevertheless, Mr. Bleau stated in his declaration on reply (Docket No. 37-2) that: (1) although he multiplied the total amount of time by **his** hourly billing rate, he did not personally spend the time performing the represented work (*see id.*, ¶¶ 3-4); and (2) that the time was spent by his associates (Gennady Lebedev and Melissa Rhee) and impliedly his staff who prepared and filed the documents (*see id.*, ¶¶ 4-17).<br><br>Mr. Bleau has not stated an adequate factual basis for his alleged personal knowledge of the statements he makes in paragraph 6. His reply declaration makes clear that other individuals performed the alleged work, not Mr. Bleau—none of those individuals have submitted their own declarations in support of the attorneys' fees request. Further, Mr. Bleau does not state the hourly billing rate for his associates (assuming they performed any of the alleged work). | Defendant's objections are untimely.<br><br>Defendant had the opportunity to object to Mr. Bleau's Declaration in support of Plaintiff's motion to remand in its Opposition. However, having not done so, it is now untimely and prejudicial to Plaintiff.<br><br>Furthermore, Mr. Bleau, as a partner of Bleau Fox, inherently has personal knowledge of the work performed by his associates and his staff. This case is billed at a flat fee of $350.00 an hour for all work performed, which is a reasonable fee for this case.<br><br>Finally, Defendant's purported "objection" is really not an objection but improper argument after the close of briefing (disguised as an objection) that should be disregarded. |

-6-

**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**

| EVIDENCE | DEFENDANT'S OBJ. | PLAINTIFF'S REPLY |
|---|---|---|
| | Further, Mr. Bleau represents that the time was billed as "attorney's fees," but his reply declaration makes clear that his staff, not attorneys, are performing the majority of the work. (*See* Docket No. 37-2, at ¶¶ 6-17.) | |

DATED: September 9, 2009

Respectfully submitted,
BLEAU FOX, A P.L.C.

By: _____/s/_____
Thomas P. Bleau, Esq.
Attorney for Plaintiff,
HANS ONESTOP ENTERPRISES, INC.

-7-

**PLAINTIFF'S REPLY TO DEFENDANT'S EVIDENTIARY OBJECTIONS**